MRS. S. E. MILLS, ADMINISTRATRIX, v. J. L. TERRY.

Decided December 16, 1899.

**1.　Limitation—Action Against Administrator.**

An action against an administratrix to establish and classify a judgment as a claim against the estate is not subject to the two years statute of limitations. Rev. Stats., art 3815.

**2.　Judgment—Collateral Attack—Presumption as to Notice.**

Plaintiff recovered judgment against several joint defendants, including M., who was served with citation but made default. The other defendants also recovered judgment over against M. on a cross-plea, such judgment being taken several months after the filing of the cross-plea, the record being silent as to service of notice of the plea on M., but the judgment in the cause reciting that the defendants had been served with citation. Held, on a collateral attack against the judgment on the cross-plea, that it would be presumed that M. was served with notice thereof. Roller v. Reid, 26 Southwestern Reporter, 1060, distinguished.

APPEAL from Hunt. Tried below before Hon. HOWARD TEMPLETON.

*J. G. Matthews,* for appellant.

*Yoakum & Spearman,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—October 22, 1889, James N. Parker, as plaintiff, recovered judgment against L. J. Terry, J. L. Terry, J. L. Henslee, and W. P. Mills, as defendants, for the sum of $805.30, with interest at 8 per cent per annum from that date and costs of suit, and at the same time L. J. Terry, J. L. Terry, and J. L. Henslee recovered judgment for the same amount against their codefendant W. P. Mills upon their cross-action filed March 28, 1889, in which they alleged that W. P. Mills had for a valuable consideration received from L. J. Terry, the principal debtor, promised to pay the debt sued on by Parker, but had failed to do so. It was further provided in the judgment as follows: "When the defendants L. J. Terry, J. L. Terry, and J. L. Henslee shall have paid this judgment, or any part thereof, that they shall be subrogated to the rights of the plaintiff herein as against W. P. Mills to such extent as they pay," etc.

Citation to answer the suit of Parker was served on the defendants, including W. P. Mills, February 16, 1889. Mills made default, but whether or not notice of the cross-action was served on him the record is silent, unless the recital in the judgment, "W. P. Mills having been duly served," showed such service.

The following payments were made by J. L. Terry on the judgment in favor of Parker: November, 1889, $200; January, 1890, $500; November 10, 1890, $20; making a total of $720. W. P. Mills having died, and Mrs. S. E. Mills having been appointed the administratrix of his estate, this suit was brought by J. L. Terry, December 10, 1898, to establish and classify his claim as above indicated against said estate, the same having been rejected by the administratrix, and also to establish,

declare, and foreclose a judgment lien in his favor, the original judgment in favor of Parker having been duly abstracted and recorded as provided by law.

The main defense interposed by the administratrix in the trial below was the statute of two years' limitation, and her principal contention here is that this defense should have been sustained; but as the claim was founded on a judgment, we approve the action of the trial court in holding limitation to be no bar to the action. Rev. Stats., art. 3815.

The appellee, however, was denied the full recovery sought, and we are of opinion that his cross-assignments of error complaining of the judgment in that respect must be sustained. The judgment rendered October 22, 1889, upon the cross-action, as above indicated, clearly by its terms entitled appellee to recover of W. P. Mills the full amount paid by appellee to Parker in satisfaction of the original judgment. No appeal was taken from that judgment. It must be held on collateral attack that service was had of the cross-action, else the court would not have rendered judgment upon it.

The case is easily distinguishable from Roller v. Reid, 26 Southwestern Reporter, 1060, which seems to be relied on by appellant. In that case Roller was a nonresident of the State, and it was held that because he made default and judgment was taken the very day the new pleading was filed the record affirmatively showed a want of service. Not so here. The plea over was filed in March, and judgment was not taken till October following. The presumption should therefore be indulged that notice of this plea had been duly served on Mills before the court proceeded to enter judgment upon it, especially as the judgment recited that he had been duly cited.

Our conclusion upon the whole record is that appellant's assignments of error should all be overruled and appellee's cross-assignments sustained, and the judgment reversed and rendered accordingly in favor of appellee.

*Reversed and rendered.*